# EXHIBIT D

Filed
8/21/2017 11:58 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVH001781D2

CAUSE NO. _____

| | | |
|---|---|---|
| DELIA BENITEZ INDIVIDUALLY AND D/B/A TEXINV ENTERPRISES, LLC | § § § § § | IN THE DISTRICT COURT |
| v. | § § § § | ___ JUDICIAL DISTRCT COURT |
| UNITED FIRE & CASUALTY COMPANY AND BENNY DURHAM | § § | WEBB COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DELIA BENITEZ INDIVIDUALLY AND D/B/A TEXINV ENTERPRISES, LLC hereinafter called "Plaintiff," complaining of UNITED FIRE & CASUALTY COMPANY AND BENNY DURHAM, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

### I.
### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiff is an individual residing in Webb County, Texas. Discovery should be Level III.

Defendant, **UNITED FIRE & CASUALTY COMPANY** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving Its Registered Agent for service of process, **Joe Johnson, 455 E. Med Center Blvd. Ste. 400, Webster, Texas 77598**. Service is requested by certified mail, return receipt requested at this time.

Defendant **BENNY DURHAM** is an individual residing in and domiciled in the State of Texas. This Defendant may be served with personal process by certified mail, return receipt requested at his principal place of business at **201 Ripley Ave., Kress, Texas 78905** or wherever he may be

1

found.

II.

## AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiff is a consumer of the Defendant, in that he purchased insurance from said entity and/or service to be provided by it. Said Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, UNITED FIRE & CASUALTY COMPANY, is Plaintiff's building insurance company. The actions set forth in this complaint were committed by the Defendant, or its actual or apparent agents. Plaintiff owns a dwelling at **8200 San Gabriel Dr., Laredo, Texas 78045.** Defendant provided coverage to the Plaintiff under a Commercial Property policy, for such building, commercial property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiff sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting therefrom, and Plaintiff promptly and

timely and properly reported same to Defendant pursuant to the terms of the insurance policy. **Plaintiff gave timely notice of the facts of loss and Defendant assigned claim number 4220106514 for date of loss 05/21/2017.**

Defendant UNITED FIRE & CASUALTY COMPANY assigned Defendant BENNY DURHAM as the individual adjuster on the claim. Adjuster BENNY DURHAM and those working at his direction conducted a substandard investigation which is evident in the estimate provided and correspondence from Defendants to Plaintiff. BENNY DURHAM and those at his direction spent an inadequate amount of time at the subject property. The scope of damage was unreasonably limited. As a result, it is evident from his report that he failed to include many of Plaintiff's covered damages which would have been apparent upon proper inspection. Despite obvious storm damage to various portions of the building, BENNY DURHAM improperly denied policy benefits by minimizing scope and improperly denying causation. Defendant BENNY DURHAM misrepresented to Plaintiff that such damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

BENNY DURHAM misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiff and reduce her understanding of her rights under the policy below what was actually covered by the policy. Exclusionary language clearly inapplicable to the loss or claim was cited by BENNY DURHAM in order to convince Plaintiff her loss was not covered in whole or in part, when in fact it was a covered loss. As such, Defendants knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiff.

V.

The Plaintiff's building sustained damages caused by the wind/hail peril, including damage to the roof and architectural finishes. Damages include the cost of construction, repairs, and restoration of the Property, necessary to repair the damages to Plaintiff's property. These constituted covered

damages under Plaintiff's commercial property insurance policy with the Defendants, UNITED FIRE & CASUALTY COMPANY.

VI.

Defendants, UNITED FIRE & CASUALTY COMPANY, and its adjusters have had ample opportunity to inspect Plaintiff's property, in connection with Plaintiff's claim for property damage. Defendant knew or should have known that Plaintiff had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM was also made aware of the need to perform repairs to the damages to Plaintiff's property as a result of the wind and/or hail storm. UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM knew that a substantial covered loss was owed. Nonetheless, UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiff's covered losses with no reasonable basis. UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM have failed to act promptly or to a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiff a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which he is entitled. UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM knew that substantial damage had been

caused by the loss, and yet refused to investigate most or all of such damages.

## VIII.

Such denials, delays, refusals and/or failures to pay by UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM was in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiff, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims for damage, and UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendant conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendants, UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM was irresponsible, unconscionable, and took advantage of the Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendants, UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM, amounts to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

(c) failing to handle or process the Plaintiff's claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law;

(g) delaying full payment of a claim without a reasonable basis in violation of common law;

5

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiff and others similarly situated. Such conduct of UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM was negligent and tortuous. The conduct of UNITED FIRE & CASUALTY COMPANY, and BENNY DURHAM constituted negligent misrepresentation of fact, or actionable fraud. The conduct of C UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM proximately caused the injuries and damages to the Plaintiff for which she sues.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendant liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred.

SEP/08/2017/FRI 04:57 PM       FAX No.       P. 009

XI.

Defendant has, by its conduct, breached their contract of insurance with the Plaintiff. Such breach proximately caused damages to the Plaintiff including consequential damages. In addition, Plaintiff is entitled to recover attorney's fees in connection with Plaintiff's contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

The conduct of UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiff and Plaintiff's attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, UNITED FIRE & CASUALTY COMPANY and BENNY DURHAM conduct was malicious and fraudulent, and therefore, Plaintiff seeks punitive damages.

XIII.

All of the conditions precedent to bringing this suit under the policy and to the Defendant liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiff complied with all terms and conditions of the policy, but his claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiff and leave her free to sue for those benefits to which she is entitled that were denied*

SEP/08/2017/FRI 04:57 PM        FAX No.        P. 010

*or underpaid.* In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to said Defendant.

## XIV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiff would show that such is void and does not form a portion of Plaintiff's insurance policy with Defendant, UNITED FIRE & CASUALTY COMPANY. The reason this is so includes, but is not limited to the following:

(a) there is no consideration for such exclusion;

(b) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h) the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff(s)' policy with Defendant(s). In particular, such cancellation of a portion of Plaintiff(s)' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i) the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

8

(j) In the alternative, any other construction of the language of the policy is void as against public policy;

(k) In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff(s);

(l) In the alternative, Defendant(s) is/are judicially, administratively, or equitably estopped from denying Plaintiff(s)' construction of the policy coverage at issue;

(m) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff(s) plead(s) the doctrine of mutual mistake requiring reformation.

(n) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

## XV.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against UNITED FIRE & CASUALTY COMPANY AND BENNY DURHAM at this time for actual damages and attorney's fees Chapter 542 penalties. Plaintiff seeks from UNITED FIRE & CASUALTY COMPANY AND BENNY DURHAM actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the building.

## XVI.
## DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein request a jury trial.

## XVII.
## REQUEST FOR MEDIATION

Section 154.021(a) Pursuant to Tex. Bus.& Comm. Code Sec 17.5051 Plaintiff requests the

SEP/08/2017/FRI 04:58 PM        FAX No.        P. 012

Court, pursuant to the mandatory directive of the statute, within 30 days of this motion, sign an order compelling the parties to mediation and setting the time and place for the mediation. Pursuant to 17.5051 the mediation should be held within 30 days after the date the order is signed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief as to which she may show herself justly entitled, either at law or in equity, either general or special, including judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:    (210) 910.4501
Telecopier:   (210) 910.4513


By:   /s/ *Thomas M. Furlow*
      THOMAS M. FURLOW
      State Bar No. 00784093
      Email: tfurlow@furlowlawfirm.com
      ATTORNEY FOR PLAINTIFF

PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;
(b) the name, address, and telephone number of any potential parties;
(c) the legal theories and, in general, the factual basis of Plaintiff's claims;
(d) the amount and any method of calculating economic damages;
(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(f) for any testifying expert:
   (1) the expert's name, address and telephone number;
   (2) the subject matter on which the expert will testify;
   (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;
   (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
      (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
      (B) the expert's current resume and bibliography;
(g) any indemnity or insuring agreements;
(h) any settlement agreements, described in Rule 192.3(g);
(i) any witness statements, described in Rule 192.3(h);
(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

11

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Furlow Law Firm, PLLC 1032 Central Parkway South, San Antonio Texas 78232.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone: (210) 910.4501
Telecopier: (210) 910.4513

By: /s/ *Thomas M. Furlow*
THOMAS M. FURLOW
State Bar No. 00784093
Email: tfurlow@furlowlawfirm.com
ATTORNEY FOR PLAINTIFF